**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ISSAC C. CAZARES,

    Defendant-Appellant.

No. 05-2321
(D.C. No. 04-1890 WJ)
New Mexico

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN,** Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge**.**

---

In a one-count indictment filed in the United States District Court for the District

of New Mexico, Issac Cazares (the defendant) was charged with receiving a firearm which

had been transported in interstate commerce while under indictment in a state court in

New Mexico for a crime which was punishable by a term of imprisonment exceeding one

year, in violation of 18 U.S.C. §922(n).   The defendant, through counsel, filed a motion to

suppress evidence "resulting from the unlawful search of his automobile" by two officers

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

of the Albuquerque Police Department, contending that the search violated his right under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizure. At the hearing on this matter, the only witnesses were the two arresting officers who testified as to the facts and circumstances surrounding their arrest of the defendant and the ensuing search of his automobile. At the conclusion of the hearing the district court denied defendant's motion and later, in a detailed written order, elaborated on its reasons therefor. Pursuant to Fed. R. Crim. P. 11(a)(2), the defendant thereafter entered a conditional plea of guilty to the charge and was sentenced to 18 months imprisonment. The defendant appeals this conviction and sentence, and argues that the district court erred in denying his motion to suppress. Background facts adduced at the hearing on defendant's motion to suppress will put the controversy in focus.

Officer C. and Officer S. of the Albuquerque Police Department were patrolling in separate vehicles when a call came in from their dispatcher that a man, who identified himself as Kennedy Baca, had called in and stated that a man who was driving a gold colored Lexus with a flat tire had been holding a gun to his (the caller's) head. Officer S. began looking for Baca, who had given his location to the dispatcher, and he was soon flagged down by Baca, who at the time was standing in the parking lot of a juvenile detention center. Baca told Officer S. that he had been in the Lexus with the defendant when the defendant was involved in a car accident. Baca stated that he wanted to leave the Lexus because he was on probation, at which time the defendant pulled out an AK-47 rifle and pointed it at him and told him he could not get out of the car and that they then drove

off. According to Baca, Cazares then drove to a convenience store where Baca was supposed to buy some alcohol. Baca got out of the car and started running. Baca said that Cazares caught up with him, pulled the gun on him and told Baca to get back in the car, which he did. Again, according to Baca, they then drove to a Walgreens store where Baca went inside to buy alcohol. Baca said he escaped by using the back door of Walgreens and called the police.

Officer C. while patrolling the area saw a vehicle at a local garage which matched the description given by the caller. He then went to the detention center where Officer S. was still questioning Baca. In response to inquiry, Baca told the officers that the Lexus might be at a Walgreens store located at Fourth Street and Griegos Road. Officer C. went to the address to see if he could find the Lexus. Upon his arrival at Walgreens, Officer C. observed the driver of a gold colored Lexus with a flat tire backing out of a parking space in front of the store. Moments later, Officer S. arrived at the scene. The officers stopped the vehicle and ordered the defendant, who was driving the vehicle, and another person, who was a passenger, to get out of the vehicle. Sobriety tests conducted at the scene of the stop disclosed that the defendant had been driving under the influence of alcohol and at that point he was arrested. Preparatory to impounding the Lexus, the officers conducted an inventory search of the Lexus and found, *inter alia*, the AK-47 type assault rifle in the trunk of the car.

As we understand it, on appeal defendant's only argument is that the officers'

"stop" of his vehicle violated his Fourth Amendment rights. In this regard the district court held that based on the record made at the suppression hearing, the officers had "reasonable suspicion" that the driver of the "gold colored Lexus with a flat tire" was, or had been, involved in "criminal activity," which justified "an investigatory stop" of defendant's vehicle. We agree. We believe that the "stop" in the instant case comes well within the parameters of *Terry v. Ohio*, 392 U.S. 1 (1968).[1]

As stated above, defendant's only argument is that the "stop" of his car was invalid and that such tainted the ensuing search and seizure. However, having determined that the "stop" was valid, it follows that the ensuing "search" of defendant's car and the "seizure" of the AK-47 automatic rifle were also valid as being part of an "inventory search" pursuant to impounding defendant's vehicle, which had been preceded by a "lawful stop," all of which was in accordance with the "Standard Operating Procedure Manual." *United States v. Lugo,* 978 F.2d 631, 636 (10th Cir. 1992).

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

---

[1]In our review of the district court's denial of defendant's motion to suppress, "we view the evidence in a light most favorable to the government and accept the district court's factual findings unless clearly erroneous. The ultimate question of reasonableness under the Fourth Amendment is a legal conclusion that we review *de novo*." *United States v. Garner,* 416 F.3d 1208, 1212 (10th Cir. 2005)(citations omitted).